**Mohammed KHAN, Petitioner–Appellant,**

v.

**Glenn MUELLER, Warden, Respondent–Appellee.**

No. 03–15114.

D.C. No. CV–98–01369–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Mohammed Khan, pro se, Represa, CA, for Petitioner–Appellant.

Brian George Smiley, Attorney General's Office, Thomas Y. Shigemoto, AGCA—

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Mohammed Khan, a California state prisoner, appeals pro se the district court judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for robbery and assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

▮ Khan contends the prosecution committed misconduct in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in two respects. We disagree. Khan first argues that the prosecution failed to disclose the criminal background of a prosecution witness, specifically, the fact that the witness was on juvenile probation and faced criminal charges at the time of trial. As Khan concedes, no prejudice resulted because the trial court became aware of the witness's criminal background before defense counsel's closing arguments and permitted counsel to re-examine the witness on this basis. Thus, the failure to disclose did not put the case in such a different light as to undermine confidence in the verdict, *see Strickler v. Greene*, 527 U.S. 263, 290, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), because the jury was made aware of that witness's criminal background.

▮ Khan further argues that the prosecution committed misconduct by failing to disclose evidence that the victim was facing theft charges, resulting from allegations that the victim replaced a customer's diamond with a cubic zirconium. Khan's theory is that the robbery and assault never occurred and the victim concocted the story to collect insurance proceeds. This argument is unavailing. First, there is a genuine question whether disclosure in fact occurred, as shown by testimony by both the prosecutor and defense counsel supporting a finding of disclosure. Second, the victim testified that he did not have insurance and Khan failed to rebut that testimony. Moreover, the nature and seriousness of the victim's injuries undercut Khan's argument. The California Court of Appeal therefore was not objectively unreasonable in determining that there was no reasonable probability the result of the proceeding would have been different had the evidence been disclosed. *See United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

